ADRIENNE C. PUBLICOVER  (SBN 161432)
Adrienne.Publicover@wilsonelser.com
SHILPA G. DOSHI (SBN 253024)
Shilpa.Doshi@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ,**
  **EDELMAN & DICKER LLP**
525 Market Street, 17th Floor,
San Francisco, CA 94105-2725
Telephone: 415.433.0990
Facsimile: 415.434.1370

Attorneys for Defendant
LIFE INSURANCE COMPANY OF
NORTH AMERICA

SCOTT D. RIGHTHAND (SBN 87635)
**THE LAW OFFICE OF SCOTT RIGHTHAND**
A Professional Corporation
465 California Street, Suite 300
San Francisco, CA  94105
Telephone: 415.544.0115
Facsimile: 415.544.0116

Attorney for Plaintiffs
JOHNSON LEUNG; CARINA SINSI LEUNG

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNSON LEUNG, CARINA SINSI LEUNG by and through her Guardian ad Litem, JOHNSON LEUNG<br><br>          Plaintiff,<br><br>    vs.<br><br>CIGNA, LIFE INSURANCE COMPANY OF NORTH AMERICA, and DOES 1 THROUGH 100, inclusive,<br><br>          Defendants. | Case No. C10-0620 PJH<br><br>**STIPULATION TO DISMISS DEFENDANT CIGNA, AMEND COMPLAINT, AND WITHDRAW MOTION TO DISMISS; [PROPOSED] ORDER** |

**WHEREAS,** Plaintiffs Johnson Leung and Carina Sinsi Leung ("Plaintiffs") filed a complaint in San Francisco Superior Court naming as defendants, CIGNA and Life Insurance Company of North America.

**WHEREAS**, Defendant Life Insurance Company of North America ("LINA" or "Defendant") removed this case from the San Francisco Superior Court to the United States District Court for the Northern District of California;

**WHEREAS**, LINA is a corporation organized and existing under the laws of Pennsylvania, and has its principal place of business in Philadelphia, Pennsylvania;

**WHEREAS**, LINA issued the group insurance policy under which Plaintiffs seek to recover benefits;

**WHEREAS**, LINA made the decision to deny Plaintiffs' claim for benefits under the policy;

**WHEREAS**, third-party Connecticut General Corporation is a parent company of LINA;

**WHEREAS**, third-party Connecticut General Corporation is a wholly owned subsidiary of third-party CIGNA Holdings Inc.;

**WHEREAS**, third-party CIGNA Holdings Inc. is a wholly owned subsidiary of third-party CIGNA Corporation;

**WHEREAS**, LINA asserts that there is no such business entity called "CIGNA", which is named as a defendant in the complaint;

**WHEREAS**, LINA asserts that CIGNA is a registered service mark used by LINA;

**WHEREAS**, based on the foregoing and based on the allegations contained in Plaintiff's complaint, LINA is the sole proper defendant in this matter;

**WHEREAS**, Plaintiffs filed a complaint in San Francisco Superior Court, alleging causes of action for violations of the California Insurance Code, breach of contract, breach of the duty of good faith and fair dealing, negligent misrepresentation, and fraud (the "State Law Claims");

**WHEREAS**, Plaintiffs seek to recover benefits under a group accident policy issued by Defendant LINA, due to the death of Shirley Ko, Plaintiff Johnson Leung's wife and Plaintiff Carina Sinsi Leung's mother;

**WHEREAS**, Shirley Ko was covered under the group accident policy by virtue of her employment with third-party Citigroup, N.A. ("Citigroup");

2

**WHEREAS,** Citigroup provided accident insurance coverage to eligible employees through an employee benefits plan governed by Employee Retirement Income Security Act ("ERISA");

**WHEREAS,** federal law under ERISA controls actions brought to recover benefits and to enforce rights under employee welfare benefit plans;

**WHEREAS,** Defendant asserts that Plaintiffs' State Law Claims are preempted by ERISA;

**WHEREAS,** Plaintiffs are entitled to bring a claim under ERISA for benefits under the group accident policy at issue in this case;

Based on the foregoing, **IT IS HEREBY STIPULATED**, by and between Plaintiffs and Defendant LINA, by and through their attorneys of record, as follows:

1. That Defendant CIGNA may and shall be dismissed from this matter without prejudice.

2. That Defendant LINA will remain the sole defendant in this matter.

3. That the State Law Claims brought by Plaintiffs in their original complaint shall be dismissed without prejudice.

4. That Plaintiffs shall file a first amended complaint to state a cause(s) of action under ERISA, and not causes of action under state law, within 30 days of the date this stipulation is filed with the Court.

5. Plaintiffs' first amended complaint shall be deemed to relate back to their original complaint, and the first amended complaint shall be deemed filed as of the date of filing of the original complaint.

6. Although the parties agree that the facts presently known to the parties indicate that this case should be governed by ERISA, if Plaintiffs later discover facts causing Plaintiffs to seek leave to file a second amended complaint to re-assert the State Law Claims, and if Plaintiffs are granted leave to amend by the Court, the State Law Claims asserted in a second amended complaint shall be deemed to relate back to the original complaint, and the second amended complaint shall be deemed filed as of the date of filing of the original complaint.

///

3

7.    Defendant LINA's Motion to Dismiss, filed on February 16, 2010 (docket #4), shall be withdrawn.

Date:  March 22, 2010

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By:    _____*/s/ Shilpa G. Doshi*_____
ADRIENNE C. PUBLICOVER
SHILPA G. DOSHI
Attorneys for Defendant
LIFE INSURANCE COMPANY OF NORTH
AMERICA

Date:  March ___, 2010

THE LAW OFFICE OF SCOTT RIGHTHAND

By:    _____
SCOTT D. RIGHTHAND
Attorneys for Plaintiffs
JOHNSON LEUNG; CARINA SINSI LEUNG

## ORDER

Based foregoing stipulation by the parties, the Court hereby orders that

(1)    Defendant CIGNA is hereby dismissed from this action without prejudice;

(2)    the State Law Claims brought by Plaintiffs in their original complaint are hereby dismissed without prejudice;

(3)    Plaintiffs shall file a first amended complaint to state a cause(s) of action under ERISA within 30 days of the date the parties' stipulation was filed with the Court;

(4)    Defendant LINA's Motion to Dismiss is hereby considered withdrawn.

**IT IS SO ORDERED.**

Dated:

_____
HON. PHYLLIS J. HAMILTON
United States District Court Judge

4

STIPULATION TO DISMISS DEFENDANT CIGNA, AMEND COMPLAINT, AND WITHDRAW MOTION TO DISMISS; [PROPOSED] ORDER

USDC Case No.:  C10-0620 PJH
522027.4

7.   Defendant LINA's Motion to Dismiss, filed on February 16, 2010 (docket #4), shall be withdrawn.

Date: March ___, 2010

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
   ADRIENNE C. PUBLICOVER
   SHILPA G. DOSHI
   Attorneys for Defendant
   LIFE INSURANCE COMPANY OF NORTH
   AMERICA

Date: March 21, 2010

THE LAW OFFICE OF SCOTT RIGHTHAND

By: _____
   SCOTT D. RIGHTHAND
   Attorneys for Plaintiffs
   JOHNSON LEUNG; CARINA SINSI LEUNG

## ORDER

Based foregoing stipulation by the parties, the Court hereby orders that

(1)   Defendant CIGNA is hereby dismissed from this action without prejudice;

(2)   the State Law Claims brought by Plaintiffs in their original complaint are hereby dismissed without prejudice;

(3)   Plaintiffs shall file a first amended complaint to state a cause(s) of action under ERISA within 30 days of the date the parties' stipulation was filed with the Court;

(4)   Defendant LINA's Motion to Dismiss is hereby considered withdrawn.

**IT IS SO ORDERED.**

Dated: 3/29/10

_____
HON. PH[...]LTON
United Sta[...]ct Court Judge

IT IS SO ORDERED
Judge Phyllis J. Hamilton

STIPULATION TO DISMISS DEFENDANT CIGNA, AMEND COMPLAINT, AND WITHDRAW MOTION TO DISMISS; [PROPOSED] ORDER

## CERTIFICATE OF SERVICE
*Johnson Leung, et al. v. CIGNA, et al.*
*USDC, North District Court Case No.: C10-00620 PJH*

I am a citizen of the United States. I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address is 525 California Street, 17th Floor, San Francisco, California 94105. On this date I served the following document(s):

**STIPULAT ION TO DISMISS DEFENDANT CIGNA, AMEND COMPLAINT, AND WITHDRAW MOTION TO DISMISS; [PROPOSED] ORDER**

on the parties identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

☐ : **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

☐ : **By Personal Service** – I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

☐ : **By Overnight Courier** – I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

☐ : **Facsimile** – (Only where permitted. Must consult CCP § 1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.C.A.)

☒ : **Electronic E-Filing** – I caused the attached document to be electronically transmitted on the Northern District website to the parties named below.

Scott D. Righthand, Esq.
THE LAW OFFICE OF SCOTT RIGHTHAND
A Professional Corporation
465 California Street, Suite 300
San Francisco, CA 94105
*Attorney for Plaintiffs*
*Johnson Leung, Carina Sinsi Leung, by and through*
*Her Guardian ad Litem, Johnson Leung*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED **March 22, 2010** at San Francisco, California.

Stacey Muller