UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHNSON LEUNG, et al.,

    Plaintiffs,

    v.

CIGNA LIFE INSURANCE COMPANY OF NORTH AMERICA,

    Defendant.
_____/

No. C 10-0620 PJH

**ORDER DENYING IN PART AND GRANTING IN PART MOTION TO DECLARE STANDARD OF REVIEW AND/OR ORDER DISCOVERY**

    Plaintiff's motion to declare a de novo standard of review and/or to order discovery came on for hearing before this court on December 1, 2010. Plaintiffs Johnson Leung and his daughter Carina Leung (collectively "plaintiffs"), appeared through their counsel, Scott Righthand. Defendant Life Insurance Company of North America ("defendant" or "LINA"), appeared through its counsel, Adrienne Publicover. Having read the parties' moving papers and supplemental briefing submitted and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court DENIES plaintiff's motion to declare a de novo standard of review, for the reasons stated at the hearing, and summarized as follows.

    1.    Examination of the policy at issue here demonstrates a clear grant of discretionary authority from the Plan administrator to LINA as a Plan fiduciary, and is sufficient to alter the standard of review from de novo, to abuse of discretion. See Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 963 (9th Cir. 2006)(en banc)(default rule holds that court review of the administrator's denial is de novo, unless the benefit Plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the Plan). The Ninth Circuit has held that "for a Plan to alter the

standard of review from the default of de novo to the more lenient abuse of discretion, the Plan must unambiguously provide discretion to the administrator." See id. at 964.  Here, the policy language provides: "For plans subject to [ERISA], the Plan Administrator of the [Plan] has selected [LINA] as the Plan fiduciary under federal law for the review of claims for benefits provided by this Policy and for deciding appeals of denied claims.  In this role the Insurance Company shall have the authority, in its discretion, to interpret the terms of the Plan documents, to decide questions of eligibility for coverage or benefits under the Plan, and to make any related findings of fact." See Declaration of Michael James ISO Opp. ("James Decl."), Ex. A at LINA 0190.  In addition, the supplemental January 2007 "summary plan description" submitted by defendant shortly following the hearing on this matter confirms that the Plan Administrator, which was vested with "full discretionary authority to construe and interpret the provisions of the Plans and make factual determinations regarding all aspects of the Plans and their benefits...", in turn vested this discretion in LINA.  See Declaration of Jennifer Cohen ISO LINA's Supp. Response to Mot. ("Cohen Decl."), Ex. A at LINA 1113, 1118; see also Grosz-Salomon v. Paul Revere Life Ins. Co., 237 F.3d 1154, 1159-61 (9th Cir. 2001)(summary plan description in effect during year in which benefits are denied applies to ERISA cause of action based on denial of benefits).  Collectively, these documents demonstrate an "unambiguous" grant of discretionary authority to LINA to make eligibility decisions and to interpret the terms of the policy.

To the extent plaintiff asserts that the policy language itself – irrespective of the summary plan language – must affirmatively vest the Plan Administrator with full discretionary authority to decide benefits and interpret the Plan, prior to the Plan Administrator's delegation of such discretionary authority to LINA, this argument fails to persuade.  Plaintiff cites no controlling case law that suggests that a policy must make clear that a Plan administrator has free-standing discretionary authority before delegating such authority to a Plan fiduciary.  Second, the controlling case law suggests the opposite.  The

2

Supreme Court, for example, has said that "[w]here the plan [grants] 'the administrator *or* fiduciary discretionary authority to determine eligibility for benefits,' '[t]rust principles make a deferential standard of review appropriate.' See Metropolitan Life Ins. Co. v. Glenn, 554 U.S. 105, 111 (2008)(emphasis added)(citations omitted).  Thus, it is acceptable for the Plan language to confer discretionary authority by conferring it upon the Plan fiduciary directly – as the language of the policy does here.

Finally, plaintiff's supplemental reliance on Lang v. Long-Term Disability Plan of Sponsor Applied Remote Technology, Inc., 125 F.3d 794, 797 (9th Cir. 1997), is inapposite. Plaintiff asserts, based on Lang, that the presence of an acknowledged structural conflict of interest here requires a de novo standard of review, because defendant has failed to present affirmative evidence demonstrating that the conflict of interest did not affect its decision to deny benefits.  The court notes, however, that Lang pre-dated the Ninth Circuit's more recent Abatie decision, which held that abuse of discretion review is required "whenever an ERISA plan grants discretion to the Plan administrator," but recognized that to the extent a conflict of interest exists, the abuse of discretion review is merely to be informed "by the nature, extent, and effect on the decision-making process of any conflict of interest that may appear in the record." See Abatie, 458 F.3d at 967.  Indeed, although not cited by plaintiff, the Lang court itself noted that "the presence of conflict does not automatically remove the deference we ordinarily accord to ERISA administrators who are authorized by the plan to interpret a plan's provisions." Lang, 125 F.3d at 797.  Thus, the existence of a structural conflict of interest here – in the face of clear discretionary language – is insufficient, standing alone, to require a de novo standard of review.

In sum, the court concludes that the proper standard of review to be applied in this action is abuse of discretion, and plaintiff's motion to declare a de novo standard of review is DENIED.

2. To the extent plaintiff alternatively argues that, in the event the court applies abuse of discretion review, the court should grant discovery on grounds that a structural

conflict of interest is present, the court agrees with plaintiff. As noted above, both parties acknowledge that a structural conflict of interest has been stated – i.e., that LINA was responsible both for determining claim benefits and for paying out claim benefits. As the Abatie court noted, where structural conflicts of interest are apparent, "the court may, in its discretion, consider evidence outside the administrative record to decide the nature, extent, and effect on the decision-making process of any conflict of interest...". See 458 F.3d at 972-73.

Applying these principles here, the court finds that some additional discovery is warranted. Thus, limited discovery will be made available to plaintiff in order to establish the nature, extent, and effect of any conflict of interest. Plaintiff's motion, to the extent it seeks additional discovery, is therefore GRANTED in this respect. The parties are instructed to meet and confer, and to agree upon the allowable scope of such limited discovery. Depositions are generally not warranted or approved. To the extent that the parties cannot agree as to the scope of allowable discovery – including with respect to evidence of medical malpractice – plaintiff is directed to file a motion to compel.

**IT IS SO ORDERED.**

Dated: January 24, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge